UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

DEBTOR:  Kimberly D. Phillips         *   Chapter 13
SSN: XXX-XX-8052                      *   Case No.

## **CHAPTER 13 PLAN**

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum of $180.00 bi-weekly.

2. From the payments so received, the trustee shall make disbursements as follows:

(a) The trustee percentage fee as set by the United States Trustee.

(b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT |
|---|---|---|
| None | | |

(c) Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| Western Funding, Inc. | $100 monthly |

(d) Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of $2000.00 to be paid to debtor(s) attorney in such payments as are allowed under the Court's administrative orders.

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| Western Funding, Inc. | $11760 | Debt | 6% | 2001 Honda Accord | $300 monthly |

Debtor(s)   Kimberly D. Phillips
Chapter 13 Plan Continue
Page Two

(f)  After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL |
|---|---|---|---|---|

None

(g)  The following collateral is surrendered to the creditor in full satisfaction of debt.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|

None

(h)  The following domestic support obligations will be paid over the life of the plan as follows:  (These payments will/will not be made simultaneously with payment of the secured debt and will/will not include interest at the rate of ____%.  Interest can only be included if the plan is proposing to pay all claims in full.)

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|

None

(i)  The following unsecured claims are classified to be paid at 100%.  These payments will/will not be made simultaneously with payment of the secured debt:   None

(j)  All other 11 U.S.C. § 507 priority claims, unless already listed under 2(f), will be paid in full over the life of the plan as funds become available in the order specified by law.

(k)  The debtor(s) will be the disbursing agent on the following debts:   None

(l)  Pursuant to 11 U.S.C. 522(f), the liens of the following creditors on the personal property of the debtor(s) are   voided upon confirmation of the plan to the extent that they impair a claimed exemption of the debtor(s): Collection Services Athens

(m)  Special provisions:  None

(n)  General unsecured creditors whose claims are duly proven and allowed will be paid
    (1)  0%  dividend or a prorata share of $_____, whichever is greater; or
    (2)  the debtor(s) will make payments for _____ months and anticipates a dividend of _____%

Date:  January 11, 2010            /s/     Kimberly D. Phillips
                                   Debtor

                                   /s/
                                   Debtor